THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALBERTO HERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CAESARS LICENSE CO., LLC, et al.,<br>    Defendants. | Civil Action No. 19-6087<br><br>**ORDER TO SHOW CAUSE** |
| ALBERTO HERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CAESARS LICENSE CO., LLC, et al.,<br>    Defendants. | Civil Action No. 19-6088<br><br>**ORDER TO SHOW CAUSE** |
| ALBERTO HERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MONTEGO BAY RESORT AND CONFERENCE CENTER,<br>    Defendants. | Civil Action No. 19-6091<br><br>**ORDER TO SHOW CAUSE** |

THESE CASES come before the Court upon complaints filed by

1

Plaintiff Hernandez on February 18, 2019.[1] Each complaint seeks injunctive relief and attorneys fees for alleged violations of the Americans with Disabilities Act ("ADA"). Plaintiff, who allegedly cannot walk without the use of assistive devices as a result of a partial leg amputation, specifically pleads that he "has decided to become an activist for ADA compliance so that places of public accommodation comply with the law." (Complaints, ¶ 16) In these particular cases, Plaintiff seeks an Order directing the Defendants to "fix[] the Propertys['] [reservation] website[s] so that [they] are compliant with the ADA." (Id. ¶ 52) As discussed in further detail below, Plaintiff contends that the websites do not currently permit him to determine whether each property has disability accommodations

---

[1] The above-captioned cases are three of eight total cases filed in this District by Plaintiff Hernandez on February 18, 2019. All eight cases name as Defendants hotels in popular vacation spots in Southern New Jersey, including Atlantic City, Cape May and North Wildwood. An examination of the complaints would strongly suggest that each complaint was created from one generic document, with names changed where necessary. Indeed, the complaints include allegations which do not appear relevant to the instant cases. For example, at paragraph 25 in each complaint, the law concerning "long-arm [personal] jurisdiction" pursuant to Fed. R. Civ. P. 4(k)(2) is discussed even though paragraph 21 of each Complaint pleads that "[b]ecause Defendant's principle place of business is operated out of [] New Jersey, it is subject to jurisdiction of this forum." (Plaintiff also pleads that he is a father of a child "who attends Harvard University." (Complaints ¶ 3) It is not apparent in the least why the university Plaintiff's child attends is at all relevant to this case.) Most tellingly, the final paragraph of each Complaint in every case mistakenly identifies the Plaintiff as "DONNSON JIMENEZ."

2

that meet his needs.

Courts "are required to raise issues of standing *sua sponte* if such issues exist." Bock v. Pressler & Pressler, LLP, 658 F. App'x 63, 64 (3d Cir. 2016) (citing Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001)). "If plaintiffs do not possess Article III standing . . . the District Court . . . lack[s] subject matter jurisdiction to address the merits of plaintiffs' case." Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003) (citation omitted).

"To establish Article III standing, a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Mielo v. Steak 'n Shake Operations, Inc., 897 F.3d 467, 478 (3d Cir. 2018) (quoting Spokeo, Inc. v. Robins, -- U.S. --, 136 S. Ct. 1540, 1547 (2016)). As "[t]he party invoking federal jurisdiction," a plaintiff "bears the burden of establishing these elements." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)).

"The primary element of standing is injury in fact, and it is actually a conglomerate of three components": (1) "'an invasion of a legally protected interest"; (2) a "'concrete and particularized'" injury; and (3) an injury that is "'actual or imminent, not conjectural or hypothetical.'" Mielo, 897 F.3d at

3

478 (quoting Spokeo and Lujan).

An examination of the facts alleged in the complaints leads this Court to question whether Plaintiff has established that he has suffered an injury in fact. Plaintiff alleges that he "visited the Property's website for the purpose of reviewing an assessing the accessible features at the Property in order to ascertain whether it meets Plaintiff's individual disability needs[.]" (Complaints ¶ 30) The complaints do not plead how many times Plaintiff visited each website. Moreover, while Plaintiff pleads a laundry list of "disability accommodations" he was "unable to verify" "whether the Property contain[ed]," (Complaints ¶ 31), the complaints do not even plead that Plaintiff, who "resides in Miami, Florida," (Complaints, ¶ 1), has any intention of visiting New Jersey, much less the specific properties identified in the complaints. Rather, Plaintiff merely pleads in conclusory fashion that "Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e)[2] and/or otherwise determine

---

[2] The Court notes that 28 C.F.R. § 36.302(e)(1), which Plaintiff cites in his complaints, does not impose a specific duty on places of public accommodation to include descriptions of disability accommodations on their websites. The regulation merely requires that a place of public accommodation "[i]dentify and describe accessible features . . . in enough detail to permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her

4

if the site provides enough information for Plaintiff to determine whether the site comes into compliance with the guidelines of the aforementioned law." (Complaints ¶ 39)

Thus, it does not appear that Plaintiff has pled an injury in fact. In this regard, the Court finds this case analogous to Murray v. Lifetime Brands, Inc., No. CV 16-5016, 2017 WL 1837855 (D.N.J. May 8, 2017). In that case, as here, the plaintiff's claim was premised on an "'unlawful denial of access to information subject to disclosure.'" Id. at *3 (quoting In re: Nickelodian Consumer Privacy Litig., 827 F.3d 262, 273-74 (3d Cir. 2016)). In Murray, Judge Hillman held that the plaintiff had not established an injury in fact, explaining, "[c]ritically, what Murray fails to do, however, is identify the harm that resulted from allegedly not knowing what she asserts the [law] requires [defendant] to tell her." Id. at *4.

In this case, too, Plaintiff fails to plead what actual, concrete harm he suffered, or will continue to suffer, as a result of allegedly being unable to determine whether each property has disability accommodations that meet his needs. For example, Plaintiff has not pled that he refrained from making travel plans, nor that he changed his travel plans, because he

---

accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). The regulation is silent as to where or how a place of public accommodation must identify and describe its accessible features, and Plaintiff's complaints are silent in this regard.

5

lacked information concerning disability accommodations at the properties at issue.³

Accordingly, **IT IS** on this 26th day of February, 2019, hereby **ORDERED** that:

(1) Plaintiff shall show cause by written submission filed on the docket within 14 days why this case should not be dismissed for lack of Article III standing; and

(2) Plaintiff shall serve a copy of this Order on each Defendant along with the Complaint; and

(3) Upon receipt of Plaintiff's submission in response to this Order to Show Cause, the Court may direct a response from any Defendant who has been served.

s/ Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

---

³ In this regard, this case is distinguishable from <u>Mielo</u>, where the Third Circuit held that two "disability rights advocates" had Article III standing to assert their claims. In that case, the Court explained that the plaintiffs had alleged an actual, concrete injury when they "experience[d] actual physical difficulty in ambulating through parking facilities that were not ADA-compliant." 897 F.3d at 480.